1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FEDERAL NATIONAL MORTGAGE
     ASSOCIATION,

11
            Plaintiff,                    No. CIV S-12-0110 JAM EFB PS
12
         vs.
13
     ALFRED HARRIS, JR.; KELLY
14   HOLLAND; and DOES 1-10, inclusive,
                                          ORDER AND
15          Defendants.                   FINDINGS AND RECOMMENDATIONS
                                    /
16

17         On January 13, 2012, defendants, proceeding pro se, filed a notice of removal of this

18   unlawful detainer action from the Superior Court of the State of California for Solano County.

19   Dckt. No. 1.  This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and

20   Eastern District of California Local Rule 302(c)(21).

21         This court has an independent duty to ascertain its jurisdiction and may remand sua

22   sponte for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "The burden of

23   establishing federal jurisdiction is on the party seeking removal, and the removal statute is

24   strictly construed against removal jurisdiction."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

25   1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right

26   of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As

1

1  explained below, defendant has failed to meet that burden.

2      Defendants' notice of removal is predicated upon the court's federal question

3  jurisdiction.  Dckt. No. 1 at 2.  However, a review of the complaint reveals that plaintiff does not

4  allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law.  *Id.* at

5  7-10 (Compl.).  Therefore, because defendants have not adequately established that plaintiff's

6  complaint alleges a federal claim,[1] the court lacks subject matter jurisdiction and must remand

7  the case.[2]  *See* 28 U.S.C. § 1447(c).

8      Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference

9  currently set for hearing on May 23, 2012 is vacated.[3]

10      IT IS FURTHER RECOMMENDED that the above-captioned case be REMANDED to

11  the Superior Court of the State of California in and for the County of Solano.

12      These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14  after being served with these findings and recommendations, any party may file written

---

[1] Nor have defendants established that this court has diversity jurisdiction.

[2] It is also unclear whether the notice of removal was timely.  Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  Here, although the complaint was filed in state court on September 22, 2011, defendants do not indicate when they were served with or otherwise received a copy of the complaint.  Dckt. No. 1 at 2, 7.
    Additionally, although defendants' notice of removal includes a copy of plaintiff's opposition to a demurrer filed in state court, the notice of removal does not include a copy of the demurrer or a copy of any state court order sustaining or denying the demurrer, as required by 28 U.S.C. § 1446(a).  *See* 28 U.S.C. § 1446(a) (providing that removing defendants "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").

[3] As a result, the parties are not required to submit status reports as provided in the January 13, 2012 order.  *See* Dckt. No. 3.  However, if the recommendation of remand herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

2

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3  shall be served and filed within fourteen days after service of the objections.  Failure to file

4  objections within the specified time may waive the right to appeal the District Court's order.

5  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

6  Cir. 1991).

7  DATED:  January 18, 2012.

   _____
   EDMUND F. BRENNAN

8  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26