1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  FEDERAL NATIONAL MORTGAGE
    ASSOCIATION,

11
                Plaintiff,                          No. CIV S-12-0110 JAM EFB PS
12
         vs.
13
    ALFRED HARRIS, JR.; KELLY
14  HOLLAND; and DOES 1-10, inclusive,
                                                    ORDER AND
15              Defendants.                         FINDINGS AND RECOMMENDATIONS
                                          /
16

17         On January 13, 2012, defendants, proceeding pro se, filed a notice of removal of this

18  unlawful detainer action from the Superior Court of the State of California for Solano County.

19  Dckt. No. 1.  This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and

20  Eastern District of California Local Rule 302(c)(21).

21         This court has an independent duty to ascertain its jurisdiction and may remand sua

22  sponte for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "The burden of

23  establishing federal jurisdiction is on the party seeking removal, and the removal statute is

24  strictly construed against removal jurisdiction."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

25  1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right

26  of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As

                                         1

1    explained below, defendant has failed to meet that burden.

2         Defendants' notice of removal is predicated upon the court's federal question

3    jurisdiction.  Dckt. No. 1 at 2.  However, a review of the complaint reveals that plaintiff does not

4    allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law.  *Id.* at

5    7-10 (Compl.).  Therefore, because defendants have not adequately established that plaintiff's

6    complaint alleges a federal claim,[1] the court lacks subject matter jurisdiction and must remand

7    the case.[2]  *See* 28 U.S.C. § 1447(c).

8         Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference

9    currently set for hearing on May 23, 2012 is vacated.[3]

10        IT IS FURTHER RECOMMENDED that the above-captioned case be REMANDED to

11   the Superior Court of the State of California in and for the County of Solano.

12        These findings and recommendations are submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14   after being served with these findings and recommendations, any party may file written

15

16        [1] Nor have defendants established that this court has diversity jurisdiction.

17        [2] It is also unclear whether the notice of removal was timely.  Section 1446(b) requires a
     notice of removal to be "filed within thirty days after the receipt by the defendant, through
     service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which
18   such action or proceeding is based, or within thirty days after the service of summons upon the
     defendant if such initial pleading has then been filed in court and is not required to be served on
19   the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  Here, although the complaint
     was filed in state court on September 22, 2011, defendants do not indicate when they were
20   served with or otherwise received a copy of the complaint.  Dckt. No. 1 at 2, 7.
          Additionally, although defendants' notice of removal includes a copy of plaintiff's
21   opposition to a demurrer filed in state court, the notice of removal does not include a copy of the
     demurrer or a copy of any state court order sustaining or denying the demurrer, as required by 28
22   U.S.C. § 1446(a).  *See* 28 U.S.C. § 1446(a) (providing that removing defendants "shall file in the
     district court of the United States for the district and division within which such action is
23   pending a notice of removal . . . , together with a copy of all process, pleadings, and orders
     served upon such defendant or defendants in such action.").
24
          [3] As a result, the parties are not required to submit status reports as provided in the
25   January 13, 2012 order.  *See* Dckt. No. 3.  However, if the recommendation of remand herein is
     not adopted by the district judge, the undersigned will reschedule the status conference and
26   require the parties to submit status reports.

2

1   objections with the court and serve a copy on all parties.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3   shall be served and filed within fourteen days after service of the objections.  Failure to file

4   objections within the specified time may waive the right to appeal the District Court's order.

5   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

6   Cir. 1991).

7   DATED:  January 18, 2012.

    EDMUND F. BRENNAN
8   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26